UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC SAVAGE and <br> RANDOLPH BLAKE, <br>     Plaintiffs, <br> <br> v. <br> <br> THE CITY OF SPRINGFIELD and <br> SPRINGFIELD FIRE DEPARTMENT, <br> <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 18-30164-KAR <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
(Dkt. No. 65)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

This matter is before the court on a motion by plaintiffs Marc Savage ("Savage") and Randolph Blake (collectively, "Plaintiffs") for leave to file an amended complaint ("Plaintiffs' Motion") (Dkt. No. 65), which is opposed by the defendants, the City of Springfield and the Springfield Fire Department ("SFD") (collectively, "Defendants"). The court heard argument from the parties on May 14, 2020. For the reasons set forth below, the court hereby GRANTS Plaintiffs' Motion in part and DENIES it in part.

II. BACKGROUND

Plaintiffs filed their complaint on October 9, 2018 (Dkt. No. 1). In summary, the complaint alleges a long-standing and well-established policy, custom, and practice "of opposing racial equality, enforcing racial subordination, engaging in favoritism towards white firefighters, and retaliating against persons who protest racial discrimination" and purports to be filed on behalf of Plaintiffs and similarly situated minority firefighters (Compl. at 1-2). The defendants

1

filed their answer to the complaint on December 26, 2018 (Dkt. No. 11).  In or around December 2018, the parties jointly requested that the case be referred to mediation (Dkt. No. 13).  The parties continued to seek a resolution through mediation up to February 13, 2020, when the assigned ADR provider reported that the case should be restored to the court's trial calendar (Dkt. No. 71).

While the parties were participating in mediation, the court entered a pretrial scheduling order pursuant to Fed. R. Civ. P. 16(b)(1) (Dkt. No. 50) which was subsequently extended at the joint request of the parties (Dkt. No. 62).  The amended scheduling order provided, among other things, that motions for leave to amend the pleadings to add claims, defenses or parties were to be filed by January 21, 2020 (Dkt. No. 64).  Plaintiffs filed their motion, with a proposed amended complaint, on January 21, 2020 (Dkt. No. 65).  The proposed first amended complaint would add Mayor Domenic Sarno ("Sarno"), Fire Commissioner Bernard J. Calvi ("Calvi"), and former Fire Commissioner Joseph Conant ("Conant") as parties, add allegations to supply "a clear factual foundation for Plaintiffs' claims," and add Count IX, which is captioned Misuse of Public Funds and asserts a claim that the City's practice of paying individuals who are not in compliance with the City's residency requirement is a violation of Mass. Gen. Laws. Ch. 40, § 5 (Dkt. No. 65-1, ¶¶ 150-157).  According to Plaintiffs, the facts supporting Plaintiffs' proposed amended complaint are substantially the same as the facts described in their initial complaint (Dkt. No. 65 at 3).  Defendants oppose Plaintiff's Motion insofar as it seeks to add Sarno and Calvi as defendants and to add the claims asserted in Count IX, principally on grounds of futility (Dkt. No. 67 at 1-2).

    III.    <u>D<small>ISCUSSION</small></u>

1. <u>Standard of Review</u>

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a). Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," *id.*, unless the amendment "would be futile, or reward, *inter alia,* undue or intended delay." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).

*Steir v. Girl Scouts of the USA,* 383 F.3d 7, 11-12 (2004) (footnote omitted); *see also Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013).

"If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). To survive a motion to dismiss, a "complaint must contain enough factual material to raise a right to relief above the speculative level … and state a facially plausible legal claim," *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 780 (1st Cir. 2014) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)), "accept[ing] as true all well-pleaded facts in the complaint and draw[ing] all reasonable inferences in the pleader's favor." *Id.* (citing *Tasker v. DHL Ret. Sav. Plan*, 621 F.3d 34, 38 (1st Cir. 2010)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Amendment of pleadings is largely a matter within the discretion of the district court." *Guest-Tek Interactive Entm't Inc. v. Pullen*, 731 F. Supp. 2d 80, 92 (D. Mass. 2010) (citing *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851 (1st Cir. 1970)).

    2. <u>Futility</u>

        a. Count IX

Plaintiffs allege in Count IX of the proposed amended complaint that for the past twenty-five years most members of the SFD's senior leadership did not live in Springfield in violation of the City's residency ordinance, which, according to the proposed amended complaint, provides, in pertinent part, that if a covered City employee is not a City resident, the head of the department in which the employee works "shall forthwith strike the name of the employee from the payroll [and] that person shall cease to be employed by the City" (Dkt. No. 65-1, ¶¶ 151, 153). Although employment of these senior members of the SFD was in violation of the City's residency ordinance, the City paid them five- and six-figure salaries (Dkt. No. 65-1, ¶ 151). Plaintiffs allege that these payments were in violation of Mass. Gen. Laws ch. 40, § 5, which prohibits the expenditure of municipal funds for a purpose that is inconsistent with any general or special law (Dkt. No. 165-1, ¶¶ 152-54). Plaintiffs further allege that, because these members of the SFD's senior leadership who did not live in Springfield were white, their continued employment in violation of the residency ordinance deprived minority residents of employment opportunities in violation of the Equal Protection Clause and of state and federal antidiscrimination laws (Dkt. No. 65-1, ¶ 157). Defendants contend that, as a challenge to the expenditure of municipal funds, Count IX fails to state a claim upon which relief can be granted (Dkt. No. 67 at 2, 5-7). This court agrees that the proposed amended complaint does not state a claim upon which relief can be granted in Count IX because Plaintiffs lack standing and because the proposed amended complaint objects to, and seeks recovery based upon, past expenditures of municipal funds for appointment purposes.

Under Massachusetts law, "[t]here is no general jurisdiction to entertain a suit by taxpayers to restrain municipalities from performing wrongful acts." *Oliver v. Mattapoisett*, 457 N.E.2d 679, 680 (Mass. App. Ct. 1983) (citing *Fuller v. Trs. of Deerfield Acad.*, 147 N.E. 878,

879 (Mass. 1925)). Plaintiffs base Count IX, in significant part, on the limits Chapter 40 of the Massachusetts General Laws places on expenditures of municipal funds (Dkt. No. 165-1, ¶¶ 152-54). Chapter 40 includes a remedy for violation of its provisions in § 53, which provides that an equitable petition may be brought by ten or more resident taxpayers asking a court "to determine the lawfulness of expenditures or obligations about to be incurred" by a municipality. *Oliver*, 457 N.E.2d at 680. "Taxpayers of a municipality cannot make themselves parties to the appointment of every officer or employee of the municipality and thus require the appointing officers to account for their acts to such taxpayers as may volunteer to bring suit. Such rights as taxpayers have are given to them by the expressed provisions of c. 40, § 53, and must of course be exercised in the manner there provided." *Povey v. Sch. Comm. of Medford*, 127 N.E.2d 925, 926 (Mass. 1955).[1] *See also Walcott v. City of Cambridge*, 217 N.E.2d 723, 725 (Mass. 1966) (tax payers cannot rely on § 53 to attack an individual's title to municipal office).

First, Plaintiffs' proposed amended complaint fails to state a claim of misuse of public funds under Chapter 40, § 53 because the proposed amended complaint is not filed on behalf of ten taxpayers of the City. Second, by their amended complaint, Plaintiff seek relief related to funds expended in the past. But "[t]his statute is preventative. It is neither anticipatory nor retroactive." *Fuller*, 147 N.E. at 879; *see also Kapinos v. City of Chicopee*, 134 N.E.2d 548, 549

---

[1] Section 53 of Chapter 40 provides, in pertinent part, as follows:

> If a town … or any of its officers or agents are about to raise or expend money or incur obligations purporting to bind said town … for any purpose or object or in any manner other than that for and in which such town … has the legal and constitutional right and power to raise or expend money or incur obligations, the supreme judicial or superior court may, upon petition of not less than ten taxable inhabitants of the town … determine the same in equity, and may, before the final determination of the cause, restrain the unlawful exercise or abuse of such corporate power.

(Mass. 1956) ("Chapter 40, § 53, only provides that 'ten taxable inhabitants' are entitled to relief in equity if a town or any of its officers or agents are *about to incur obligations.* This plainly implies that a taxpayers' petition will lie only before such obligations are incurred and not afterwards."); *Oliver*, 457 N.E.2d at 680 ("Ten or more taxpayers of a town may, by an equitable action, ask a court to determine the lawfulness of expenditures or obligations about to be incurred."). Count IX alleges that the City has paid non-residents in violation of the City's residency ordinance since 1995, has "misappropriated approximately 150 million dollars in payroll expenditures" over the past twenty-five years (Dkt. No. 65-1, ¶ 155), and seeks relief on this basis. Section 53 does not authorize this kind of retrospective challenge to municipal expenditures. Third, in *Walcott*, the Massachusetts Supreme Judicial Court held that, even if a proper number of taxpayers joined as plaintiffs, § 53 did not provide a proper vehicle to challenge a municipality's appointment of an official. *Walcott*, 217 N.E.2d at 725 ("This is an attack upon the defendant's title to the office and is one kind of suit against illegal expenditures that taxpayers have not been permitted to make."); *Povey*, 127 N.E.2d at 926. Finally, impliedly if not explicitly, by seeking to add Count IX, Plaintiffs seek relief from the court that would require terminating the employment of senior members of the City's fire department who are not parties to this action (Dkt. No. 65-1, ¶¶ 155-56, 34). The court is dubious that it has the authority to order the dismissal of any City employee who is not a party to this suit and who may have a due process right to be heard before the loss of his or her employment with the City. *Cf. Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (discussing due process rights in connection with the loss of public employment). For the foregoing reasons, the court finds that, to the extent that Plaintiffs seek relief based on a claim that the City has expended municipal

funds unlawfully, the remedy for such allegedly unlawful expenditures, if any, would lie under § 53, and further finds that the proposed amended complaint fails to state a claim under § 53.

Plaintiffs further allege in Count IX that the senior members of the SFD who were employed by the City in violation of the residency ordinance were white, that their employment caused minority residents to be denied employment opportunities, and that this practice violated the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs' initial complaint and their proposed amended complaint already state, in the first Count VII,[2] a claim under the Fourteenth Amendment's Equal Protection Clause (Compl., ¶¶ 131-37; Dkt. No. 65-1, ¶¶ 135-141). The existing complaint – and the proposed amended complaint – already allege that the City violated the Equal Protection Clause's promise of freedom from racial discrimination and inequality by failing to enforce the residency ordinance and by generally setting policies and engaging in practices and conduct that favored white members of the SFD over minority members of the department (Compl., ¶¶ 131-37). The addition of Count IX would be futile or unnecessary because it is duplicative of the claims already pled in Count VII of the initial and the proposed amended complaints. *See Ivymedia Corp. v Ilikebus, Inc.*, Civil Action No. 15-11918-NMG, 2016 WL 2596014, at *2 (D. Mass. May 5, 2016).

For the foregoing reasons, the court denies so much of Plaintiff's Motion as seeks to add proposed Count IX to the operative pleading in this case.

      b.   Addition of Conant, Sarno, and Calvi as Defendants

---

[2] Plaintiffs' initial complaint and the proposed amended complaint include two Count VIIs (Compl., ¶¶ 131-142; Dkt. No. 65-1, ¶¶ 135-146). In the initial complaint and the proposed amended complaint, the first Count VII states a claim under the Fourteenth Amendment's Equal Protection Clause (Compl., ¶¶ 131-37; Dkt. No. 65-1, ¶¶ 135-141). The second Count VII states a claim for breach of contract based on alleged violations of the residency ordinance (Compl., ¶¶ 138-142; Dkt. No. 65-1, ¶¶ 142-46).

In Plaintiffs' proposed amended complaint, they seek to add as defendants former fire commissioner Conant, current fire commissioner Calvi, and Sarno, the City's Mayor. Defendants have not opposed the addition of Conant as a defendant. In the absence of an opposition, so much of Plaintiffs' Motion as seeks to add Conant as an individual defendant will be allowed. The proposed amended complaint does not specify which counts Plaintiffs propose to assert against Calvi and Sarno. Accordingly, the court considers whether the proposed amended complaint states a claim against Calvi and Sarno on a count-by-count basis to the extent necessary, keeping in mind Plaintiffs' obligation to "set forth minimal facts as to who did what to whom, when, where and why" in a complaint. *Educadores Puertorriqueños en Acción*, 367 F.3d at 68.

  i. Sarno

The proposed amended complaint includes a single reference to an action by "the Mayor," which is presumed to be a reference to Sarno. Plaintiffs allege that, in 2014, the Mayor "summarily denied" a request to waive the residency requirement for a deputy firefighter who was applying to take an examination for the position of deputy fire chief, a position for which Savage was also an applicant (Dkt. No. 65-1, ¶ 27).

Plaintiff's Counts One and IV appear to assert claims under Title VII for discrimination (Count One) and retaliation (Count IV). Because Title VII does not give rise to individual liability, the proposed amended complaint fails to state a claim against Sarno in Count One or in Count IV to the extent Count IV asserts rights under Title VII. *See, e.g., Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009) ("[T]here is no individual employee liability under Title VII."). Count II asserts discrimination claims under Mass. Gen. Laws ch. 151B ("Chapter 151B"), and, although no statutory basis is identified, the retaliation claims in Count IV may also

be asserted under Chapter 151B (Dkt. No. 65-1, ¶¶ 111-15; 120-26). "An individual may be held separately liable if he actively perpetuates or assists another in acts prohibited by chapter 151B." *Furtado v. Standard Parking Corp.*, 820 F. Supp. 2d 261, 279 (D. Mass. 2011) (citing *Murray v. Sharp Air Freight Servs., Inc.*, No. 975878J, 2000 WL 33170935, at *4 (Mass. Super. Ct. Dec. 5, 2000)). Plaintiffs have not pointed to any facts that could give rise to an inference that Sarno actively perpetrated or assisted another in an act that violated Chapter 151B. The proposed amended complaint does not adequately state a claim against Sarno under Chapter 151B.

Count III asserts a violation of Mass. Gen. Laws ch. 31, § 1(e). Chapter 31 is the Massachusetts Civil Service Law; § 1 is a purely definitional section and no subsection (e) appears therein. Count III does not state a claim against Sarno.

Count V states a claim of negligent supervision. "All tort claims based on acts of public employees acting within the scope of employment must be brought pursuant to the Massachusetts Tort Claims Act. *See* Mass. Gen. Laws ch. 258, § 2." *Doe v. Fournier*, 851 F. Supp. 2d 207, 223 (D. Mass. 2012). The Massachusetts Tort Claims Act ("MTCA") abrogates the doctrine of sovereign immunity and (subject to a presentment requirement) permits the assertion of negligence claims based on negligent or wrongful acts or omissions by a public employee who acts within the scope of his or her employment, s*ee Wilmot v. Tracey*, 938 F. Supp. 2d 116, 143 (D. Mass. 2013), as long as those claims are asserted against the individual in his or her official capacity. *Fournier*, 851 F. Supp. 2d at 224. Here, the proposed amended complaint does not state an MTCA claim against Sarno in his official capacity because Plaintiffs have not alleged any facts to support the contention that Sarno was involved in conduct that caused them injury. *See Wilmot*, 938 F. Supp. 2d at 143 ("Absent any factual allegations involving these defendants, the claims against them must be dismissed."). A claim against Sarno

under Count VI, which alleges intentional infliction of emotional distress, is barred because "'public employers remain immune from 'any claim arising out of an intentional tort[.]'" *Id.* at 143 (quoting Mass. Gen. Laws ch. 258, § 10(c)); *see also Saltzman v. Town of Hanson*, 935 F. Supp. 2d 328, 350 (D. Mass. 2013).

In the first Count VII, Plaintiffs assert that their right to Equal Protection under the Fourteenth Amendment has been violated and seek damages pursuant to 42 U.S.C. § 1983 (Dkt. 65-1, ¶¶ 135-141). Supervisory liability under § 1983 cannot be predicated on a respondeat superior theory. *See, e.g., Penate v. Hanchett*, 944 F.3d 358, 367 (1st Cir. 2019) (citing *Iqbal*, 556 U.S. at 676; *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994)). Liability cannot rest on the supervisor's authority, nor is it sufficient to allege negligence. *Id.* "[L]iability for supervisors is only triggered under § 1983 if 'a plaintiff can establish that his or her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" *Id.* (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012) (quoting *Ocasio-Hernández*, 640 F.3d at 16)). Plaintiffs have alleged that Sarno *required* compliance with the residency ordinance, an act that does not condone or encourage the alleged discrimination about which Plaintiffs complain (Dkt. No. 65-1 at 27). They have not alleged any other fact about Sarno's conduct and, therefore, have not alleged facts from which it could be inferred that Sarno acted directly or indirectly to cause them injury. The proposed amended complaint does not state a § 1983 claim against Sarno for violation of Plaintiffs' Fourteenth Amendment right to Equal Protection.

The second Count VII in the proposed amended complaint alleges that Plaintiffs are third party beneficiaries of contracts signed by fire department members at the rank of Deputy Chief or higher by which these SFD employees agreed to comply with the residency ordinance (Dkt.

No. 65-1, ¶¶ 143-46). This allegation has no application to Sarno, who is not alleged to be a senior member of the SFD, or the signatory of such a contract, or, for that matter, a violator of the residency ordinance. Count VII fails to state a breach of contract claim against him. Finally, Count VIII of the proposed amended complaint purports to assert a free-standing claim to punitive damages (Dkt. No. 65-1, ¶¶ 147-49), which are also sought in the prayer for relief (Dkt. No. 65-1 at 34). Leaving aside the question of whether a free-standing count for punitive damages states a claim against any entity or individual, in the absence of any allegations of misconduct by Sarno, it does not state a claim against him. For the foregoing reasons, so much of Plaintiffs' Motion as seeks to add Sarno as a defendant will be denied on the ground of futility.

    ii.    Calvi

So far as the court has been able to determine, the proposed amended complaint includes a single allegation of conduct by Calvi. Plaintiffs allege that:

> [O]n March 14, 2019, Captain Savage discussed with Commissioner Calvi concerns that he continued to be subjected to discrimination and retaliation by District Chief Raimer because of the active lawsuits regarding discrimination and residency. In response, Commissioner Calvi told Captain Savage, in no uncertain terms, that if he wanted to be promoted to District Chief, he needed "to leave the legal issue of residency outside of the department."

(Dkt. No. 65-1, ¶ 122).

Much of the analysis set forth above as to claims against Sarno applies equally to claims against Calvi. For the reasons set forth above, Plaintiffs cannot assert claims against Calvi individually under Title VII; Plaintiffs have not asserted a viable claim under Mass. Gen. Laws ch. 31; Plaintiffs have not alleged negligent conduct by Calvi as a supervisor that caused them injury; Calvi is shielded from liability for intentional infliction of emotional distress; Plaintiffs have not asserted that Calvi signed, and then violated, a contract by which he agreed to comply

with the residency ordinance; and Plaintiffs have no adequately pled a free-standing claim for punitive damages. For these reasons, the court will deny so much of Plaintiffs' Motion as seeks to state claims against Calvi in Counts One, III, V, VI, second Count VII, Count VIII, and so much of Count IV as asserts a retaliation claim under Title VII.

Granting that relevant factual allegations are sparse, the court will nonetheless allow so much of Plaintiffs' Motion as seeks to add claims in Counts II and IV against Calvi under Chapter 151B for discrimination and retaliation and in the first Count VII for violation of the Equal Protection Clause. *See Posada v. ACP Facility Servs., Inc.*, 389 F. Supp. 3d 149, 159 (D, Mass. 2019) ("the Court need not assume at the pleading stage that the complaint lays out a fixed set of facts in support of [Plaintiffs'] claims of discrimination"). Under Chapter 151B, "[a]n individual may be held separately liable if he actively perpetrates or assists another in acts prohibited by chapter 151B." *Furtado*, 820 F. Supp. 2d at 279. Calvi's March 14, 2019 statement to Savage, as alleged in the proposed amended complaint, is sufficient at this early stage in the litigation to raise an inference that Calvi knew about and condoned retaliation against Savage for Savage's complaints about discrimination and retaliation. In view of Calvi's supervisory role, Plaintiffs' allegations are sufficient to state claims under Chapter 151B. *See Posada*, 389 F. Supp. 3d at 160 (the plaintiff's complaint stated a Chapter 151B against a supervisor who, it could be inferred, was aware of and complicit in the retaliatory conduct of another).

As to the claims in the first Count VII in the proposed amended complaint, a supervisor such as Calvi is "liable under the Equal Protection Clause for [discrimination and retaliation] created by [his] subordinates in state government only if [his] 'link' to the unlawful [conduct] was one of '"supervisory encouragement, condonation, or acquiescence,' *or* 'gross negligence

12

amounting to deliberate indifference.'"'" *Roy v. Correct Care Sols., LLC,* 914 F.3d 52, 72 (1st Cir. 2019) (quoting *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 902 (1st Cir. 1988) (quoting *Bohen v. City of East Chicago*, 799 F.2d 1180, 1189 (7th Cir. 1986))). Here too, at this early stage of the litigation, Plaintiffs' allegations about Calvi's knowledge and his directive to Savage are sufficient to raise an inference that Calvi may have condoned or acquiesced in the SFD's alleged violations of Plaintiffs' constitutional rights to Equal Protection. Plaintiffs may proceed with claims against Calvi in Counts II, IV insofar as it asserts claims under Chapter 151B, and the first Count VII.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED in part and DENIED in part. Plaintiffs' Motion is denied insofar as it seeks to add Count IX as set forth in the proposed amended complaint and insofar as it asserts claims against Sarno. As to adding new factual allegations, Plaintiffs' Motion is denied as to allegations supporting Count IX and otherwise granted, but only as to factual allegations that are included in the proposed amended complaint filed as Docket Number 65-1. Plaintiffs' Motion is granted as to claims against Conant and granted as to Calvi only as to Counts II, IV (under Chapter 151B), and first Count VII. Plaintiffs are directed to file an amended complaint that complies with the rulings in this Memorandum and Order by no later than June 26, 2020.

It is so ordered.

DATED: June 10, 2020 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge