UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC SAVAGE and <br> RANDOLPH BLAKE, <br> Plaintiffs, <br><br> v. <br><br> THE CITY OF SPRINGFIELD, <br> BERNARD J. CALVI, individually and <br> as Fire Commissioner for the City of <br> Springfield, and JOSEPH CONANT, <br> individually and as former Fire <br> Commissioner, <br> Defendants. | Civil No. 3:18-cv-30164-KAR |

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM OFFERING WITNESSES OR EVIDENCE AS TO NON-ECONOMIC DAMAGES
(Dkt. Nos. 182, 219)

Defendants moved *in limine* to exclude testimony from Lorraine Fortes, LMHC ("Ms. Fortes"), on the ground that Plaintiffs failed to provide an expert disclosure in compliance with Fed. R. Civ. P. 26(a)(2)(B)&(C).  Citing *Gonzalez v. Exec. Airlines, Inc.*, 236 F.R.D. 73 (D.P.R. 2006), Plaintiffs responded that that they intended to call Ms. Fortes as a fact witness and she was not, therefore, required to provide a written expert report in advance of testifying.  Plaintiffs also argue that Defendants forfeited available discovery mechanisms by not pursuing them in a timely fashion.

In denying Defendants' pretrial motion and authorizing Plaintiffs to call Ms. Fortes as a fact witness at trial, the court relied in significant part on *Talvera v. Municipality of San Sebastian*, 865 F. Supp. 2d 150, 153 (D.P.R. 2011).  In *Talvera*, the plaintiffs sought to "proffer

1

testimony of their physicians regarding their care and treatment [for emotional distress] resulting from the alleged sexual harassment they suffered in the workplace." *Id.* The court held that because these treating physicians would only "'provide testimony arising from their roles as actors in the events giving rise to the litigation,' they [would] be treated as fact witnesses and [would] not be subject to the stringent requirements that Rule 26 creates for expert witnesses." *Id.* (quoting *Gonzalez*, 236 F.R.D. at 78); *see also Torres-Rivera v. Centro Medico Del Turabo, Inc.*, 215 F. Supp. 3d 202, 205-206 (D.P.R. 2016) (Gelpi, J.) (a treating physician can be deposed or called to testify at trial as a fact witness without any requirement of a written report; citing FED. R. CIV. P. 26(a)(2) advisory committee notes to 1993 amendment).

At this time, the court does not intend to change its ruling. Nonetheless, the court must address an additional issue implicated by the defendants' motion to preclude Ms. Fortes' trial testimony. At a pretrial conference during which the court heard argument on Defendants' motion related to Ms. Fortes, counsel for the defendants represented that, during Plaintiffs' depositions, Plaintiffs indicated (likely through counsel) that they were only claiming garden variety damages for emotional distress and were not, therefore, waiving confidentiality as to their communications with Ms. Fortes. According to defense counsel, he did not propound a formal request for treatment records or seek to take Ms. Fortes' deposition because of, and in reliance on, this representation about garden variety distress and invocation of the privilege protecting communications with a psychotherapist. Defense counsel's understanding about the rules of discovery applicable to claims of garden variety emotional distress is consistent with numerous decisions by courts in this district. In *Koppel v. Moses*, 639 F. Supp. 3d 201 (D. Mass. 2022), for example, the court held that plaintiff did not waive the Massachusetts statutory privilege codified at Mass. Gen. Laws ch. 233, § 20B that protects the confidentiality of a psychotherapist's records

by seeking to recover damages for emotional distress when he asserted a garden variety, or common, claim for emotional distress, notwithstanding that the plaintiff sought "a 'six-figure payment' of damages for emotional distress." *Id.* at 205, 209 (citing cases).  Earlier, in *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D. Mass. 1997), another session of this court held that a plaintiff does not waive the federal privilege protecting the confidentiality of communications between patient and psychotherapist, established in *Jaffee v. Redmond*, 518 U.S. 1, 10-13 (1996), merely by seeking to recover damages for emotional distress.

      A plaintiff is not, however, entitled to use a claim of privilege as a shield and a sword.  When, as in this case, a plaintiff waives the confidentiality of communications with a treating therapist by proffering trial testimony from the treating care provider to prove damages for emotional distress, that plaintiff gives up any claim of confidentiality and is not entitled to shield communications with the therapist from a defendant.  *Vanderbilt*, 174 F.R.D. at 230; *see also Koppel*, 639 F. Supp. 3d at 205 (plaintiff did not waive the confidentiality of his communications with his treating care provider where he represented in writing that he would not call any therapist as a witness or attempt to rely on mental health treatment records at trial; *Booker v. City of Boston*, Nos. 97-CV-12534-MEL, 97-CV12675-MEL, 1999 WL 734644, at *1 (D. Mass. Sept. 10, 1999) (the privilege protecting the confidentiality of communications between a plaintiff and therapist is not waived "unless the plaintiff makes positive use of the privileged material in the prosecution of her case").

      Although Ms. Fortes was identified as a treating care provider, her identification as a witness came very late in this case and after Plaintiffs represented at their depositions that they would only be seeking garden variety emotional distress damages.  By putting Ms. Fortes on the witness list and representing through counsel that they intend to call her in aid of proving their

3

claims for damages for emotional distress, Plaintiffs have waived the confidentiality of their communications with Ms. Fortes. That waiver extends to the contents of all of Ms. Fortes' records of her treatment of plaintiff Marc Savage and all records of Ms. Fortes' treatment of plaintiff Randolph Blake. In the circumstances described by defense counsel, where he relied, with a reasonable basis for doing so, on Plaintiffs' representation that they were not waiving confidentiality as to their communications with Ms. Fortes because they were only seeking damages for garden variety emotional distress, and where she was disclosed as a witness late in the process, as a condition of calling Ms. Fortes as a witness, Plaintiffs must produce copies of all of their records of treatment with Ms. Fortes from January 1, 2015 to the present, by no later than June 10, 2024, to the defendants' counsel. Failure to do so may cause the court to reconsider its ruling with respect to admitting fact-based testimony from Ms. Fortes related to her treatment of Plaintiffs.

    It is so ordered.

Dated: June 5, 2024                                                           Katherine A. Robertson
                                                                       KATHERINE A. ROBERTSON
                                                                       U.S. MAGISTRATE JUDGE