UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC SAVAGE and ) <br> RANDOLPH BLAKE, ) <br>     Plaintiffs, ) <br> ) <br> ) <br>     v. ) <br> ) <br> ) <br> THE CITY OF SPRINGFIELD, ) <br> BERNARD J. CALVI, individually and ) <br> as Fire Commissioner for the City of ) <br> Springfield, and JOSEPH CONANT, ) <br> individually and as former Fire ) <br> Commissioner, ) <br>     Defendants. ) | Civil No. 3:18-cv-30164-KAR |

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM TO EXCLUDE TESTIMONY OR OPINIONS SUBJECT TO ISSUE OR CLAIM PRECLUSION AND CONTRARY TO MATTERS BARRED BY PRINCIPLES OF RES JUDICATA, DEFENDANTS' MOTION IN LIMINE TO EXCLUDE OPINION TESTIMONY FROM PLAINTIFFS OR OTHERS REGARDING THE CITY'S RESIDENCY ORDINANCE, AND PLAINTIFFS' FIRST MOTION IN LIMINE TO LIMIT ANY MENTION OF THE PENDING SUPERIOR COURT CONTEMPT PROCEEDING AND PRECLUDE RELITIGATION OF FAILED ARGUMENTS FROM SUPERIOR COURT TRIAL
(Dkt Nos. 189, 191, and 192)

ROBERTSON, U.S.M.J.

This case concerns claims of race discrimination brought by plaintiffs Marc Savage ("Savage") and Randolph Blake ("Blake") (collectively, "Plaintiffs"), a retired and a current employee, respectively, of the Fire Department for the defendant City of Springfield ("City" or "Springfield") against the City, as well as Bernard J. Calvi ("Calvi"), the Fire Commissioner, and Joseph Conant ("Conant"), the former Fire Commissioner (the City, Calvi, and Conant are referred to collectively as "Defendants"). Specifically, Plaintiffs, who are Black, allege that

Defendants have discriminated against them by failing to enforce the City's residency ordinance which has resulted in limiting promotional opportunities for minority firefighters and by otherwise treating them disparately based on race, by maintaining a racially hostile work environment, and by retaliating against them for engaging in protected activity, including formally and informally protesting the City's alleged discriminatory non-enforcement of the residency ordinance.  Pending before the court are three motions in limine – two filed by Defendants and one by Plaintiffs – seeking, in different ways, to prevent the opposing side from introducing evidence as to their opinions regarding the applicability, enforceability, and interpretation of the City's residency ordinance to unionized fire department employees (Dkt. Nos. 189, 191, and 192).

     In order to address these motions, it is necessary to provide some background relative to separate litigation commenced by Savage and others in May of 2016 against the City for declaratory relief regarding the rights and obligations of the parties as to enforcement of the residency ordinance (Dkt. No. 111-3 at 1-2).  The Superior Court issued findings of fact and conclusions of law in that case on December 28, 2021, following a bench trial (Dkt. No. 111-3). Among other things, the court concluded that persons promoted on or after March 17, 1995, if they were already employed by the City on that date, were exempted from the residency requirement attached to promotions (Dkt. No. 111-3 at 7-8).  As a result of this particular conclusion, the court noted that Savage's claim of lost promotional opportunities had not been substantiated on the record before it (Dkt. No. 11-3 at 8 n.8).  In addition, the court concluded that, because the sections of the ordinance dealing with its relationship to CBAs and civil service law (i.e., § 73-11) are explicitly limited "[t]o the extent permissible" by law, no material conflict exists between the ordinance and CBAs and the civil service law (Dkt. No. 111-3 at 8-9).  Finally

as is also pertinent to this decision, the court concluded that § 73-10B of the ordinance, which requires the City to strike from the payroll any person who is not a resident of the City, was invalid and unenforceable due to its inconsistency with other provisions of the ordinance establishing a residency compliance commission and residency compliance unit, each of which is endowed with investigative authority, and its conflict with civil service laws prohibiting the summary dismissal of any civil service employee without providing notice and a hearing, or the option to appeal a disciplinary action through a grievance under the collective bargaining agreement (Dkt. No. 111-3 at 10-11).

      The instant motions in limine are variously premised on res judicata principles vis-a-vis the Superior Court decision, as well as the rules of evidence regarding expert testimony (Fed. R. Evid. 701), relevance (Fed. R. Evid. 401, 402), and the exclusion of relevant evidence where its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or wasting time (Fed. R. Evid. 403).  In resolving these motions, the court starts from the basic premise that questions as to the applicability or enforceability of the City's residency ordinance are matters of law for a court to determine rather than the parties or the jury, and, thus, neither side is or will be permitted to introduce opinion evidence on these points.[1]  Nevertheless, because the historical views of the parties regarding their respective interpretations of the residency ordinance are relevant and that relevance is not outweighed by the dangers identified in Fed. R. Evid. 703, such evidence is admissible.  Thus, Plaintiffs are entitled to introduce evidence as to what they thought the residency ordinance

---

[1] On this front, I have already held that relevant issue preclusion principles dictate that this court give preclusive effect to the Superior Court judgment, and I will not revisit issues related to the residency ordinance that were decided by the Superior Court, conclusions which might well be dispositive of Savage's claims of disparate impact under Title VII or the Equal Protection clause based on the City's failure to promote him.

required the City to do (e.g., that the City was required to enforce residency), as that evidence is relevant to Plaintiffs' claims of disparate impact, which require them to "identify the challenged employment practice or policy, and pinpoint the defendant's use of it," *E.E.O.C. v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 601 (1st Cir. 1995), as well as Plaintiffs' retaliation claims, which require them to establish their "good faith, reasonable belief that the underlying challenged actions of the [City] violated the law." *Kinzer v. Whole Foods Market*, 99 F.4th 105, 115 (1st Cir. 2024) (quoting *Fantini v. Salem State Coll.*, 557 F.3d 22, 32 (1st Cir. 2009)). Defendants, in turn, are entitled to introduce evidence as to their view that the residency ordinance is subordinate to any contrary provisions in the applicable CBAs or state civil service laws, insofar as that evidence is relevant to negating Plaintiffs' prima facie case of disparate impact or establishing that the City's practices were justified by business necessity. *See Jones v. City of Boston*, 752 F.3d 38, 53 (1st Cir. 2014). In substance, this represents a granting of Defendants' motion at Dkt. No. 191 regarding any opinion testimony by Plaintiffs that rulings issued by the Superior Court show that the residency ordinance is valid and enforceable on terms that support their claims, and a denial of Defendants' and Plaintiffs' motions, respectively, at Dkt. Nos. 189 and 192, regarding the parties' historical interpretations of the residency ordinance.

       It is so ordered.

Dated: June 6, 2024                                                /s/ Katherine A. Robertson
                                                                      KATHERINE A. ROBERTSON
                                                                      United States Magistrate Judge