UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC SAVAGE and ) | |
| RANDOLPH BLAKE, ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Civil No. 3:18-cv-30164-KAR |
| ) | |
| ) | |
| THE CITY OF SPRINGFIELD, ) | |
| BERNARD J. CALVI, individually and ) | |
| as Fire Commissioner for the City of ) | |
| Springfield, and JOSEPH CONANT, ) | |
| individually and as former Fire ) | |
| Commissioner, ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON PLAINTIFFS' SECOND MOTION
IN LIMINE TO PRECLUDE DEFENDANTS FROM ARGUING FIRST
AMENDMENT DEFENSES RELATED TO OFFENSIVE SOCIAL MEDIA POSTS
(Dkt No. 193)

ROBERTSON, U.S.M.J.

This case concerns claims of race discrimination brought by plaintiffs Marc Savage ("Savage") and Randolph Blake ("Blake") (collectively, "Plaintiffs"), a retired and a current employee, respectively, of the Fire Department for the defendant City of Springfield ("City" or "Springfield") against the City, as well as Bernard J. Calvi ("Calvi"), the Fire Commissioner, and Joseph Conant ("Conant"), the former Fire Commissioner (the City, Calvi, and Conant are referred to collectively as "Defendants"). Specifically, Plaintiffs, who are Black, allege that Defendants have discriminated against them by failing to enforce the City's residency ordinance which has resulted in limiting promotional opportunities for minority firefighters and by otherwise treating them disparately based on race, by maintaining a racially hostile work

environment, and by retaliating against them for engaging in protected activity. Pending before the court is a motion in limine filed by Plaintiffs relating to their hostile work environment claims. Specifically, Plaintiffs seek to preclude Defendants from arguing or introducing any evidence suggesting that its employees had a first amendment right to post racially offensive materials on a private "Facebook community" of Springfield firefighters or that the first amendment prohibited the City from addressing its employees actions in making the offensive posts (Dkt. No. 193).

To resolve Plaintiffs' motion, it is helpful to start with the elements of a hostile work environment claim. In order to establish a prima facie case for a hostile work environment, a plaintiff must prove that: (1) he is a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based upon race; (4) the harassment was sufficiently severe or pervasive so as to alter the conditions of the plaintiff's employment and create an abusive work environment; (5) the racially objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) some basis for employer liability has been established. *Douglas v. J.C. Penney Co.*, 474 F.3d 10 (1st Cir. 2007). Employer liability varies depending on whether a supervisor with "the authority to affect the terms and conditions of the victim's employment," such as the power to hire, fire, demote, promote, transfer, or discipline, or a supervisor without such authority over the plaintiff or a co-worker creates the hostile work environment. *Noviello v. City of Boston*, 398 F.3d 76, 94 & 96 (1st Cir. 2005) quoting *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1034 (7th Cir. 1998)). Under Title VII, when a supervisor with authority over the plaintiff creates a hostile work environment, the employer is vicariously liable unless the employer can show that it "exercised reasonable care to prevent and

correct [the harassment] promptly," and that the "employee 'unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Id*. at 94-95 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)). Unlike Title VII, there is no reasonable care standard as an affirmative defense to a claim of ch. 151B hostile work environment created by a supervisor with authority over the plaintiff; liability is strict. *Id*. at 95 (citing *College-Town, Div. of Interco, Inc. v. MCAD*, 508 N.E.2d 587, 591-94 (Mass. 1987)). Under both Title VII and ch. 151B, an employer is only liable for a hostile work environment created by a coworker, or a supervisor without authority over the plaintiff who is treated like a coworker, where the employer knew or should have known about the harassment but failed to take prompt action to stop it. *Id*. (citing *Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 401 (1st Cir. 2002); *Messina v. Araserve, Inc.*, 906 F. Supp. 34, 37-38 (D. Mass. 1995)).

In support of their argument that Defendants should be prohibited from arguing or presenting evidence suggesting that they had a first amendment defense, Plaintiffs maintain that public employees' first amendment rights are limited to matters of public concern, and the "racist, islamaphobic [sic], and physically threatening" Facebook posts in question do not qualify.[1] Defendants take the contrary position that the posts may be matters of public concern and argue that the first amendment analysis should turn on the balancing test set forth in *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968), which involves "arriv[ing] at a balance between the interest of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public

---

[1] Plaintiffs did not file the posts in support of their motion so the court is unable to see the content of the posts. Plaintiffs submitted a chart regarding the posts in support of their motion for class certification, but the chart did not include the actual posts (Dkt. No. 103-8).

services it performs through its employees." Defendants then represent that all of Plaintiffs' complaints about the social media posts were investigated and appropriate discipline was imposed, that most of the posts do not appear to be directed at either Plaintiff or to be motivated by their race or religion, and that the posts are akin to offensive graffiti on workplace toilet stalls insufficient to establish harassment severe enough to support a hostile work environment claim.

The court determines that there is an inadequate record on which to rule whether Defendants would be able to avail themselves of a first amendment defense to the extent that it is a defense asserted here. The threshold inquiry – whether the public employees were speaking as citizens on matter of public concern – requires consideration of "the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). Here, both the content and context are unknown. Nor could the court conduct a *Pickering* balance test in an evidentiary vacuum. That said, Defendants arguments do not appear to invoke a first amendment defense in any event. Rather, Defendants attack Plaintiffs' prima facie case insofar as they claim that the posts were not motivated by a protected characteristic (i.e., race or religion) and are insufficiently severe or pervasive so as to alter the conditions of Plaintiffs' employment and create an abusive work environment. Defendants also maintain that they conducted investigations and meted out appropriate discipline such that there is no basis for employer liability under Title VII. None of these arguments can be resolved absent a factual record. As such, the court will deny Plaintiffs' motion without prejudice and will rule on the admissibility of evidence during the trial.

It is so ordered.

Dated: June 7, 2024 /s/ Katherine A. Robertson  
KATHERINE A. ROBERTSON  
United States Magistrate Judge